IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS INC., | ) ) | CIVIL ACTION NO. 3:15-cv-234 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| ELIZABETH ROLES, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

This is an action for injunctive relief and damages arising from Defendant's alleged breach of her employment agreement as a former employee of Plaintiff. Presently before the Court is Defendant's Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 13.)The motion has been fully briefed and is now ripe for disposition. (*See* ECF Nos. 14, 15.) For the reasons that follow, Defendant's Motion to Strike is **DENIED**.

## II. Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. Factual Background

Plaintiff is a photography company. (ECF No. 1 ¶ 10.) Defendant worked as a Territory Manager for Plaintiff in and around Cambria County, Pennsylvania, beginning on July 21, 1998. (*Id.* ¶ 11.)

Plaintiff alleges that Defendant's employment was terminated on July 29, 2014, after an internal investigation revealed that Defendant had engaged in acts of misconduct, which constituted breaches of her employment agreement with Plaintiff. (*Id.* ¶ 25.) After learning of the misconduct, in addition to terminating Defendant's employment, Plaintiff also filed a civil complaint against Defendant in this Court at Civil Action No. 3:14-cv-00182 (the **First Civil Action**). (*Id.* ¶ 28.) That action is currently stayed, pending the disposition of a related criminal complaint being prosecuted by the Cambria County District Attorney's Office. (the **Criminal Proceedings**). (*Id.* ¶ 29.) The conduct alleged in the First Civil Action forms the basis of the Criminal Proceedings.

Plaintiff alleges that after it filed the First Civil Action, it learned that Defendant had again breached her employment agreement by engaging in photography work that competes unlawfully with Plaintiff's business and by soliciting Plaintiff's employees to leave their employment with Plaintiff to assist Defendant. (*Id.* ¶ 30.)

Plaintiff brought this action against Defendant by filing a two-count civil complaint seeking injunctive relief and damages in this Court on September 15, 2015. (*See* ECF No. 1.) On October 7, 2015, Defendant filed a motion to stay this action pending the outcome of the Criminal Proceedings. (*See* ECF No. 6.) The Court denied the motion, finding that there is little, if any, overlap between this action and the Criminal Proceedings, and that Defendant had failed to demonstrate that she would face hardship or inequity in moving forward with this litigation. (*See* ECF No. 12.) Moreover, the Court found that, given the nature of this litigation, Plaintiff would have been harmed by the delay that a stay would have caused. (*Id.*)

On December 4, 2015, Defendant filed the instant motion to strike portions of the complaint. (*See* [ECF No. 13](#).) For the reasons set out below, Defendant's motion will be denied.

IV.     **Legal Standard**

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Its purpose is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D.Pa. 2002). However, motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Zaloga v. Provident Life and Acc. Ins. Co. of America*, No. 3:09-cv-635, 2009 WL 4110320, at *8 (M.D.Pa. Nov. 24, 2009). A matter is immaterial if it "has no essential or important relationship to the claim for relief." *Donnelly v. Commonwealth Fin. Sys.*, No. 07-cv-1881, 2008 WL 762085, at *4 (M.D.Pa. Mar. 20, 2008). An "impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. A matter is scandalous if it "improperly casts a derogatory light on someone, most typically a party to the action." *Id*.

V.     **Discussion**

Defendant moves the Court to strike three paragraphs of the complaint. ([ECF No. 13 ¶¶ 10-12, 17](#).) Specifically, Defendant moves the Court to strike paragraphs of the complaint which include allegations related to Defendant's alleged theft, which form the basis of the Criminal Proceedings against Defendant. (*[Id. ¶ 9](#)*.) Defendant argues that these allegations bear no "relation whatsoever to the subject matter" of this action. (*[Id. ¶ 13](#)*.) Defendant also suggests that because Plaintiff argued, in its opposition to Defendant's motion to stay this litigation, that

3

Defendant's alleged criminal conduct does not overlap with the conduct at issue in this action, Plaintiff should not be allowed to now argue that these allegations are relevant and should be included in the complaint. (*See id*. ¶ 17.)

In opposition, Plaintiff argues that Defendant's motion to strike should be denied. (ECF No. 14.) Plaintiff states that the three paragraphs are not immaterial or impertinent, because "they provide the necessary background information and context" and assist in understanding Defendant's actions which form the basis of this lawsuit. (*Id*. at 7.) Plaintiff also notes that the complaint does not mention the criminal proceeding. (*Id*.)

Defendant filed a brief in reply on December 24, 2015. (ECF No. 15.)[1] In this reply brief, Defendant restates her position that Plaintiff has contradicted itself by stating that there is no overlap between this matter and the Criminal Proceedings on the one hand, while now arguing that these allegations of Defendant's conduct while employed by Plaintiff are relevant. (*Id*. at 1-2.) Plaintiff also states that if the paragraphs at issue remain in the complaint, she "will be compelled to assert her rights under the Fifth Amendment . . . to protect her interests in [the Criminal Proceedings]." (*Id*. at 3.) Plaintiff argues that this will materially prejudice her, because "assertion of her rights under the Fifth Amendment can be used to her detriment in this civil action." (*Id*.)

The Court finds Defendant's arguments unavailing. Defendant's suggestion that Plaintiff has contradicted itself is misplaced. On the motion to stay this litigation, the Court found that Defendant had not met her burden in showing that she would face hardship or

---

[1] Defendant filed the reply brief without first filing a motion for leave to file a reply brief, as is required by Rule II.B. of this Court's Chambers' Rules. The Court, in its discretion, has nonetheless taken the arguments contained in Defendant's reply brief into consideration in rendering its decision.

inequity in moving forward with this litigation, in part because the Court agreed with Plaintiff, and found that "there is little, if any, overlap between the instant action" and the Criminal Proceedings. ([ECF No. 12](ECF No. 12).) This remains the case—the conduct that forms the basis for the Criminal Proceedings took place before Plaintiff terminated Defendant's employment. The conduct at issue here occurred after Defendant was terminated.

That there is no overlap between the conduct involved in the Criminal Proceedings and the instant action such that Defendant is not prejudiced by continuing in this litigation, however, does not necessitate a finding that the paragraphs in the complaint related to the conduct underlying the Criminal Proceedings are "redundant, immaterial, impertinent, or scandalous." *See* Fed.R.Civ.P. 12(f). Rather, while the Court found that there is little, if any, overlap between the Criminal Proceedings and the instant dispute, the Court cannot say at this early stage of this litigation that the three paragraphs at issue are so redundant, immaterial, impertinent, or scandalous that they should be stricken from the pleadings. *See id*.

Defendant's argument that she will suffer prejudice if required to respond to the paragraphs of the complaint at issue is also unpersuasive. Defendant argues that she will be prejudiced by being "compelled" to assert her Fifth Amendment rights in response to the three paragraphs at issue. This argument is meritless, however, in light of the fact that pleadings, including the answer, are not read to jurors. *See Ratvasky v. Citizens National Bank*, 2005 WL 3289343, at *2 (W.D. Pa. Dec. 5, 2005). Because they are not, there is no concern for prejudice to Defendant in the event that she chooses to exercise her Fifth Amendment rights. The Court will consider the issue of admissibility of information related to the criminal proceedings at a later and more appropriate stage of this litigation. *See id*.

The information contained in the three paragraphs at issue is relevant to the instant dispute, and answering these paragraphs will not cause prejudice to Defendant. Defendant's motion to strike is therefore denied. *See id*. (denying motion to strike portions of complaint and finding that there was no concern for prejudice, in part because pleadings are not read to the jury, and the question of the admissibility of the information at issue would be more appropriate at a later stage in the proceedings); *Abu-Jamal v. Kerestes*, 2016 WL 3180178 (M.D. Pa. June 3, 2016) (denying motion to strike portions of the complaint over the defendants' objection that the challenged averments would prejudice them, and noting that although the bearing of these averments on the case "remain[ed] to be seen," the court saw "no reason to bar their inclusion" in the complaint); *Crawford v. School Dist. of Philadelphia*, 1998 WL 288288, at *2 (E.D. Pa. June 3, 1998) (denying motion to strike portions of complaint that included reference to defendant school's employee's criminal conduct related to the matter before the court, and noting that motions to strike are generally disfavored and the defendant had not met the requisite strict standard).

## VI. Conclusion

For the foregoing reasons, Defendant's motion to strike ([ECF No. 13](#)) is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS INC., | ) ) ) | CIVIL ACTION NO. 3:15-cv-234 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| ELIZABETH ROLES, | ) ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 20th day of June, 2016, upon consideration of Defendant's Motion to Strike (ECF No. 13), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE